# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC and UNILOC USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | § CIVIL ACTION NOS. 2:18-cv-00491-504-<br>§ JRG-RSP; 2:18-cv-00548-553-JRG<br>§<br>§<br>§ PATENT CASE<br>§<br>§<br>§ JURY TRIAL DEMANDED<br>§ |

## JOINT SUBMISSION OF DISPUTED
## E-DISCOVERY ORDER

Pursuant to the Court's scheduling order, Plaintiffs Uniloc 2017 LLC and Uniloc USA, Inc. ("Plaintiffs" or Uniloc") and Defendant Google LLC ("Google") jointly submit the attached proposed E-Discovery Order. Although the parties have reached agreement on most of the issues, one issue remains for judicial resolution:

(1) E-Mail Custodians and Search Terms

Each side's position is set out below.

## UNILOC'S POSITION

The only disputed position in the proposed ESI Order is the number of custodians and search terms. Uniloc proposes the language from the Court's Model Order.[1]  Google seeks to deviate from the Model Order by reducing the number of custodians (to 10 initial custodians and 5 search custodians) and by reducing the number of search terms (from 10 to 7).

---

[1] http://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf

Uniloc's proposal should be adopted because the Model Order on the number of custodians and search terms is fair to Google and is often used by parties without modification. Indeed, Google has agreed to the standard language in other cases.[2]

Regarding the number of search terms, the cost and effort involved in doing 10 searches versus 7 searches is de minimus. There is no reason to deviate from the Model Order.

Regarding the number of custodians, deviating from the Model Order by adopting Google's proposal would prejudice Uniloc. Google's initial disclosures in these cases disclose a range of 8 to 14 Google employees.[3] Thus, the number of search custodians would need be *increased* from the default just to account for the custodians already identified by Google. Google's proposal to reduce search custodians from 8 to 5 will exclude between 3 to 9 of the Google witnesses already identified.

## **GOOGLE'S POSITION**

One disputed issue remains for resolution by the Court, which concerns the number of custodians and the number of search terms per custodian that will be permitted in requests for e-mail production. Google's position on this issue is reasonable, principled, and aimed at ensuring cost-efficient discovery while giving the Parties access to all relevant information they need to litigate each of the above identified cases. Google has proposed to set the number of custodians and search terms at five and seven,

---

[2] *Virentem Ventures, LLC d/b/a Enounce v. YouTube, LLC and Google LLC,* Case No. 1:18-cv-00917-MN, Dkt. 79 (DED)(April 24, 2019)(10 custodians and 10 search terms), *Buy2Networks, Ltd. v. Google, Inc.*, Case No. 1:16-cv-470, Dkt. 33 (DED)(Nov. 30, 2016)(10 custodians and 10 search terms). In the meet and confer, Google mentioned Uniloc agreeing to lower numbers than the Court's Mode Order in the past. Uniloc asked Google to send such cases to see if the facts were similar. As of the agreed exchange time, Google had not sent such cases.

[3] *See* e.g., -491 Case (8 Google employee), -492 Case (10 Google employees), - 493 Case (11 Google employees), -494 Case (8 Google employees), -495 Case (11 Google employees), -496 Case (10 Google Employees), -497 Case (14 Google Employees), -498 Case (8 Google Employees), -499 Case (10 Google employees), -500 Case (10 Google employees), -501 Case (9 Google employees), -502 Case (12 Google employees), -503 Case (8 Google employees), and -504 Case (8 Google employees).

respectively, in each case, because each of the above identified cases is relatively straightforward, involving only one patent-in-suit.  Further, Uniloc recently agreed to comparable numbers—five custodians and five search terms—in a similar case before this Court.  *Uniloc 2017 LLC v. Cisco Sys., Inc.*, 1:18-cv-505-JRG, Dkts. 19, 36 (E.D. Tex).  But Uniloc nonetheless has rejected Google's proposal.  And it has done so without offering Google a principled explanation.  Because Google's proposal is calculated to ensure a thorough and cost-efficient discovery of the Parties' claims and defenses in each case, and because Uniloc has failed to offer principled reasons for rejecting these proposals, the Court should resolve the disputed issue in Google's favor.

Uniloc reflexively insists that the Parties adhere to the numbers set out in the Court's sample order, but it does so without a principled basis and without respect to the straightforward nature of these cases, which involves only a single patent-in-suit in each case in which this ESI order would apply.  When the straightforward nature of this case is taken into account—for example, when the number of custodians and search terms are considered on a per-patent basis—the numbers insisted upon by Uniloc far exceed what Uniloc has agreed to in other cases.  *See, e.g.*, *Uniloc 2017 LLC v. Cisco Sys., Inc.*, 1:18-cv-505-JRG, Dkts. 19, 36 (E.D. Tex) (agreeing to 5 custodians and 5 search terms per custodian, but claiming infringement of 2 patents); *Uniloc USA, Inc. v. Allscripts Healthcare Solutions Inc.*, 6:14-cv-625-RWS, Dkts. 144, 150 (E.D. Tex.) (agreeing to 8 custodians and 10 search terms per custodian, but claiming infringement of 2 patents); *Uniloc USA, Inc. v. Cerner Corp.*, 6:14-cv-625-RWS, Dkts. 150, 151 (E.D. Tex.) (same).  Most notably, in the above-cited case of *Cysco Systems*, which is also before this Court, Uniloc agreed to 5 custodians and 5 search terms each.  That is almost precisely what Google has proposed here, except that Google has proposed a *higher* number of search terms—even though all of the cases in which this ESI order would apply involve only one patent, instead of two patents as asserted in the *Cisco*

*Systems* case. Uniloc has offered no explanation for rejecting here what it has recently accepted in other, similar cases.

Further, Uniloc has sued Google in 18 separate cases currently pending in this District. Allowing Uniloc to obtain discovery on even 5 custodians per case, therefore, could result in Uniloc obtaining discovery on nearly 100 Google custodians—far more than if Uniloc had brought all of its claims against Google in a single action. This multiplication of the number of custodians to which Uniloc could obtain access imposes an extraordinary burden on Google and is inherently unfair. The number of custodians should be strictly limited in light of this circumstance.

Finally, the proposed ESI order already makes allowance for future adjustments to the allotted number of custodians and search terms, so the numbers proposed by Google could be increased later if necessary. Specifically, the ESI order contemplates (pgs. 5-6) that either party may petition the Court for an upward or downward adjustment to the number of custodians and search terms "upon showing a distinct need related to the size, complexity, and issues of this specific case." This provision would, Uniloc might point out, accommodate a downward adjustment as well as an upward adjustment, but logic and experience suggest that starting with lower numbers and increasing them later, if needed, makes the most sense. Loosening the belt is always easier than tightening it, and starting with fewer custodians and search terms in this case would be most economical.

Given that this case is relatively straightforward, that Uniloc has recently agreed in similar cases to terms consistent with Google's proposal here, that Uniloc has sued Google in 18 separate cases now pending in this District, and that the ESI order would accommodate future upward adjustments to the number of custodians and search terms if necessary, Google respectfully requests that the Court enter Google's proposed terms on this issue.

**Dated: August 5, 2019**                    Respectfully submitted,

*/s/ Ryan S. Loveless*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.**

*/s/ Michael C. Hendershot, with permission by Michael E. Jones*

Michael C. Hendershot
mhendershot@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tel: (903) 597-8311
Fax: (903) 593-0846
**Attorneys for Defendants Google LLC**

**2:18-cv-491**
**2:18-cv-492**
**2:18-cv-497**
**2:18-cv-501**
**2:18-cv-499**
**2:18-cv-500**
**2:18-cv-552**

*/s/ Ryan McBrayer, with permission by Michael E. Jones*
Ryan McBrayer
RMcBrayer@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206-359-3073
Fax: 206-359-4073
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-493**

/s/ *Joseph Drayton, with permission by Michael E. Jones*
Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212-479-6275
Fax: 212-479-6275
Email:  jdrayton@cooley.com

Priya B. Viswanath
CA Bar No. 238089
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Tel: 650-843-5000

Fax: 650-849-7400
Email: pviswanath@cooley.com

Rose S. Whelan
DC Bar No. 999367
COOLEY LLP
1299 Pennsylvania Avenue NW Suite 700
Washington DC 20004-2400
Tel: 202-842-7800
Fax: 202-842-7899
Email: rwhelan@cooley.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-495**
**2:18-cv-502**

*/s/ Michael E. Berta, with permission by Michael E. Jones*
Michael A. Berta (California
Bar No. 194650
Michael.Berta@arnoldporter.com
Arnold & Porter
10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

David Caine (California Bar No. 218074)
David.Caine@arnoldporter.com
Telephone: (650) 319-4710
Bonnie Phan (California Bar No. 305574)
Bonnie.Phan@arnoldporter.com
Telephone: (650) 319-4543
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500 Palo

Alto, CA 94306-3807

Nicholas Lee (California Bar No. 259588)
Nicholas.Lee@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street 44th
Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4156

Nicholas Nyemah (DC Bar No. 1005926)
Nicholas.Nyemah@arnoldporter.com Telephone:
(202) 942-6681
Paul Margulies (DC Bar No. 1000297)
Paul.Margulies@arnoldporter.com
Telephone: (202) 942-6990
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Mark Samartino (Illinois No. 6313889)
Mark.Samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL 60602-4321
Telephone: (312) 583-2437

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendant Google LLC**

**2:18-cv-494**
**2:18-cv-496**
**2:18-cv-498**
**2:18-cv-503**
**2:18-cv-504**
**2:18-cv-548**
*/s/ Robert Unikel, with permission by*
*Michael E. Jones*
Robert Unikel
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)

michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Main: 312-499-6000
Facsimile: (312) 499-6100

Elizabeth Louise Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
 Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400 mikejones@potterminton.com
Earl Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
**Attorneys for Defendants Google LLC**
**2:18-cv-550**
**2:18-cv-551**

*/s/ David Perlson, with permission by Michael E. Jones*
David Perlson
davidperlson@quinnemanuel.com
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Jonathan Tse
 jonathantse@quinnemanuel.com
David Doak
daviddoak@quinnemanuel.com
Antonio Sistos
antoniosistos@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6344
Fax: 415-875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005-4107
Tel: 202-538-8107
Fax:  202-538-8100

Michael E. Jones
State Bar No. 10929400 mikejones@potterminton.com
Earl Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-553**