**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC and<br>UNILOC USA, INC.,<br>          Plaintiffs,<br>     v.<br><br>GOOGLE LLC,<br>          Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 2:18-cv-00553-JRG<br>§<br>§<br>§ |

**ORDER REGARDING E-DISCOVERY IN PATENT CASES**

The Court ORDERS as follows:

This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court,

shall not include metadata. However, the metadata fields listed in Appendix 1 shall be included in the production if such fields exist.

The following parameters shall apply to ESI production:

**General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

**Footer**. Each document image must contain a footer with a unique Bates number that is sequential within a given document and generally across the production sets.

**Security**. All Parties will make reasonable efforts to ensure that any productions made are free from viruses and provided on encrypted media.

**Confidentiality Designation**. Each document produced in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in the above identified matter. Each document produced in native format will have its

confidentiality designation identified in the filename of the native file in accordance with the Protective Order in the above identified matter.

**Native Files**. Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format. TIFF images need not be produced for files produced in native file format unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

**No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

**Culling and Filtering.** Each party will endeavor to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of system file types based on file extension may include, but are not limited to: WINNT, , DRVS, , C++ Program File (c), C++ Builder 6 (cpp), Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertext Cascading Style Sheet (css), JavaScript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 Event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), or Program Installers. Notwithstanding the forgoing, no party shall withhold relevant and discoverable documents with the above file types.

**Deduplication.** A party is required to produce only a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians, but shall identify all custodians of each file. For emails with attachments, the hash value is generated based on the parent/child document grouping. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed method of de-duplication.

General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms

4

of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame so as to arrive at a reasonable number of emails. Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave.

_____

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

To the extent relevant to the Litigation, source code will be made available for inspection pursuant to the terms of the Protective Order. The Parties agree that the search terms will not be applied to source code.

Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced pursuant to Fed. R. Evid. 502(b).

Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So Ordered this**
**Aug 8, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# APPENDIX 1

A. **Production Components.** Productions shall include, in addition to single page TIFFs and Text Files, (a) an ASCII delimited metadata file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

B. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT

C. **Metadata Load File** shall be delimited according to the following characters:

> Delimiter = D (ASCII:0020)
> Text-Qualifier = þ (ASCII:00254)

D. The following **Metadata Fields** shall appear in the metadata load file:

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |

| | |
|---|---|
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc only) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc only) |
| NATIVELINK | Native File Link (Native Files only) |